OPINION
{¶ 1} Yassen A. Lafi appeals from a judgment of the Miami County Court of Common Pleas ("the common pleas court"), which found that it lacked jurisdiction to consider Lafi's motion to find his ex-wife in contempt of the court's orders regarding parenting time. *Page 2 
 {¶ 2} Aliyah Masudi and Lafi divorced in 2000. The divorce was granted in Miami County, Ohio. Lafi did not initially seek parenting time with the parties' daughter, but in 2005 he filed a motion to establish parenting time. This motion was filed in Ohio, where Lafi then lived; Masudi and the parties' daughter lived in Michigan. Visitation was established pursuant to an order of the common pleas court. Lafi moved to Kentucky in October 2006.
 {¶ 3} According to Lafi, there were various problems with Masudi's compliance with the visitation schedule. The details of these problems are not relevant to our resolution of this appeal except that they resulted in Lafi's Sept. 19, 2007 motion for Masudi to show cause why she should not be held in contempt. Lafi filed this motion in the common pleas court, which scheduled a hearing on the motion.
 {¶ 4} On October 26, 2007, Masudi filed a request for child custody registration under the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") in the Washtenaw County, Michigan Circuit Court. On October 29, 2007, Masudi made a special appearance in the court of common pleas court, through counsel, for the purpose of challenging the Ohio court's jurisdiction. She asserted that, because none of the parties lived in Ohio, the UCCJEA divested the common pleas court of jurisdiction to hear the matter.
 {¶ 5} After some discussions with the Michigan court, the common pleas court decided to conduct a hearing on the jurisdictional issue rather than on the contempt motion. After the hearing, the common pleas court concluded that, under the UCCJEA, it did not have jurisdiction to hear the contempt motion because none of the parties lived in Ohio and another state's court had jurisdiction over the matter.
 {¶ 6} Lafi raises one assignment of error on appeal: *Page 3 
 {¶ 7} "THE TRIAL COURT ERRED IN (UNTIMELY) FINDING THAT THE UCC JEA IS APPLICABLE TO CONTEMPT PROCEEDINGS, DISMISSING APPELLANT'S MOTION TO SHOW CAUSE, AND TRANSFERRING THE CASE TO THE STATE OF MICHIGAN BASED ON A LACK OF JURISDICTION."
 {¶ 8} Lafi concedes that, pursuant to the UCCJEA, Ohio courts do not have jurisdiction to consider visitation and custody issues if none of the parties reside in the state. He disputes the trial court's implicit conclusion, however, that a contempt proceeding is also within the application of the UCCLEA.
 {¶ 9} The purpose of the UCCJEA is to help resolve interstate custody disputes and to avoid jurisdictional competition with courts of other jurisdictions in custody matters. State ex rel. Morenz v. Kerr,104 Ohio St.3d 148. 2004-Ohio-6208, 818 N.E.2d 1162, at ¶ 16. To this end, the UCCJEA, which is codified in Ohio law at R.C. 3127.02 et seq., prioritizes "home state" jurisdiction. A child's "home state" is one where he or she lived with a parent for at least six consecutive months prior to the commencement of the custody or visitation proceeding. R.C.3127.01(B)(7).
 {¶ 10} The federal Parental Kidnapping Prevention Act ("PKPA"), Section 1738A et seq., Title 28, U.S. Code, also relates to questions of jurisdiction in cases involving interstate custody and visitation disputes. The PKPA mandates that states give full faith and credit to valid child custody orders of another state (Section 1738A(a)) and that states give up jurisdiction if no party or child is living in the state (Section 1738A(d)).
 {¶ 11} Under the UCCJEA, a "domestic court" has discretion to assume or divest itself of jurisdiction over matters concerning interstate custody or visitation, because the Act *Page 4 
contemplates that more than one state may meet jurisdictional requirements. Harper v. Harper, Franklin App. No. 04AP-685,2005-Ohio-3989, at ¶ 15; Miller v. Henry, Franklin App. No. 02AP-673, 2003-Ohio-1511, at ¶ 18. A trial court acts within its discretion in determining whether it may exercise jurisdiction over a case under the UCCJEA or the PKPA. Harper at ¶ 14, 18, citing State ex rel. Aycock v.Mowery (1989), 45 Ohio St.3d 347, 352, 544 N.E.2d 657.[1]
 {¶ 12} The Supreme Court of Ohio has held that, under the PKPA, Ohio lacks jurisdiction over a party's postdecree motions if that party does not satisfy the residency requirements. State ex rel. Seaton v.Holmes, 100 Ohio St.3d 265, 2003-Ohio-5897, 798 N.E.2d 375, at ¶ 15. In our view, this settles the question of whether the trial court had jurisdiction to hear Lafi's motion for contempt. Insofar as none of the parties to the parenting orders continued to reside in Ohio, the trial court properly refused to handle any additional proceedings related to custody or visitation, including contempt proceedings arising therefrom.
 {¶ 13} Furthermore, the UCCJEA provides that the court that made a child custody determination "has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." (Emphasis added.) R.C. 3127.16. Neither the trial court nor the Michigan circuit court could have avoided *Page 5 
the conclusion that none of the parties in this case resided in Ohio. Thus, having consulted with the Michigan court about the status of the case and the Michigan court's intent to assert jurisdiction, the common pleas court did not err in concluding that it lacked jurisdiction.
 {¶ 14} Lafi's assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Byron K. Bonar
Gary C. Schaengold
Hon. Jeffrey M. Welbaum
[1] In 1995, the Ohio General Assembly enacted Ohio's version of the UCCJEA and repealed its predecessor, the Uniform Child Custody Jurisdiction Act ("UCCJA"), R.C. 3109.22. The central purpose of the UCCJEA is the same, but it attempted to simplify some of the jurisdictional conflicts that had persisted when states had adopted the UCCJA. Some of the cases cited referred to the UCCJA, but the rationale is still applicable. *Page 1