DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Thomas Beck ("Beck"), appeals from the decision of the Medina County Juvenile Court. This Court reverses and remands for proceedings consistent with this opinion.
 I. {¶ 2} Beck and Jessica Sprik ("Sprik"), Appellee, have a child, D.B., in common. On February 8, 2007, Beck filed a complaint for parental rights and responsibilities in the Medina County Court of Common Pleas, Juvenile Division, in the state of Ohio. He simultaneously filed a motion for emergency custody. On March 29, 2007, Sprik wrote a letter which the court treated as an answer. In this letter, she informed the trial court that she no longer lived in Ohio and that she had her own home and a full time job in Michigan. On May 22, 2007, the trial court held a hearing before a magistrate on Beck's motion for emergency custody. Sprik did not appear at the hearing. On June 22, 2007, the magistrate determined that the Medina County *Page 2 
Juvenile Court had jurisdiction over the matter and granted Beck temporary custody. The trial court subsequently adopted the magistrate's decision. On September 7, 2007, Sprik filed a motion to vacate and set aside the June 22, 2007 judgment. Sprik argued that the judgment "Is Void As A Matter Of Law As No Ohio Court Could Have Properly Exercised Jurisdiction Over this Case." In her motion, Sprik contended that she and D.B. had lived in Michigan since 2005 and were temporarily in Ohio for less than six months. On September 28, 2007, the trial court conducted a hearing on the motion. On September 29, 2007, the trial court granted Sprik's motion, finding that "this Court is without jurisdiction and has been without jurisdiction since the filing of the complaint."
 {¶ 3} Beck timely appealed from this judgment, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT IT'S [SIC] PREVIOUS ORDER ACCEPTING JURISDICTION UNDER R.C. 3127.15 WAS VOID AB INITIO."
 {¶ 4} In his sole assignment of error, Beck contends that the trial court erred in finding that its previous order accepting jurisdiction under R.C. 3127.15 was void ab initio. We agree.
 {¶ 5} At the outset, "we find the granting of temporary custody is not a final appealable order and is not an issue for review under a Civ.R. 60(B) motion." In re Stamper (Feb. 18, 2000), 5th Dist. No. 99CA73, at *2. Accordingly, we will construe Mother's September 7, 2007 motion, although captioned as a motion to vacate, as a motion for reconsideration. Specifically, Mother requested that the trial court reconsider its decision that it had subject matter jurisdiction over this case. The trial court reconsidered its earlier ruling, agreeing with Mother that it was *Page 3 
without subject matter jurisdiction. Accordingly, the trial court determined that its earlier decision was "void, vacated and set aside for want of jurisdiction of the Court." As this order effectively "determines the action" under R.C. 2505.02(B)(4)(a), we find that it is a final appealable order. Therefore, Father could properly appeal from this order.
 {¶ 6} We next move to Beck's contention that by not raising it in her answer, Sprik has waived any argument that Ohio does not have jurisdiction over this matter. However, "`[b]ecause subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.'"Rosen v. Celebrezze, 117 Ohio St.3d 241, 2008-Ohio-853, at ¶ 45, quotingPratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 11.
 {¶ 7} "A trial court's decision as to whether to exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (`UCCJEA'), as codified in Ohio R.C. Chapter 3127, should only be reversed upon a showing of an abuse of discretion." In re Collins, 5th Dist. No. 06CA000028, 2007-Ohio-4582, at ¶ 15. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd., (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} "`To help resolve interstate custody disputes, the Uniform Child Custody Jurisdiction Act (`UCCJA') was drafted in 1968 and adopted by Ohio in 1977.'" Rosen, supra, at ¶ 20, quoting Justis v. Justis (1998),81 Ohio St.3d 312, 314. The Ohio Supreme Court has further explained that "[a] purpose of the UCCJA was `to avoid jurisdictional competition and conflict with courts of other jurisdictions' in custody matters."Rosen, supra, quoting In re Palmer (1984), *Page 4 12 Ohio St.3d 194, 196. In 1997, the UCCJA was replaced by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").Rosen, supra, at ¶ 21. "The most significant change the UCCJEA makes to the UCCJA is giving jurisdictional priority and exclusive continuing jurisdiction to the home state." (Internal quotations and citations omitted). Id. Ohio has adopted the UCCJEA and it is codified at R.C.3127.15. This section states in pertinent part:
 "(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
 "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
 "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:
 "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
 "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
 "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.
 "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section." R.C. 3127.15.
 {¶ 9} Michigan has similarly adopted the UCCJEA and therefore the same jurisdictional considerations operate under Michigan law. See MCLS 722.1102 and 722.1201. *Page 5 
 {¶ 10} Under the UCCJEA, there are four types of child-custody jurisdiction: "home-state jurisdiction, significant-connection jurisdiction, jurisdiction because of declination of jurisdiction, and default jurisdiction." Rosen, supra, at ¶ 31.
 {¶ 11} In the instant case, the trial court focused solely on the issue of whether Ohio was D.B.'s home state. Beck contends that R.C.3127.15(A)(1) and the definition of home state, located in R.C.3127.01(B)(7), cannot be rectified. The Ohio Supreme Court has recently shed light on this issue, noting the apparent conflict between the grant of home state jurisdiction under R.C. 3127.15(A)(1) and the definition of home state under R.C. 3127.01(B)(7). R.C. 3127.15(A)(1) grants jurisdiction when Ohio is "the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceedings, and the child is absent from this state but a parent or person acting as a parent continues to live in this state." However, home state is defined as "`the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding[.]'" See Rosen, supra, at ¶ 31, quoting R.C. 3127.01(B)(7). In disposing of this seemingly conflicting language, the Ohio Supreme Court quoted the Montana Supreme Court, which held the following:
 "The drafters intended that the UCCJEA should be construed to promote one of its primary purposes of avoiding the jurisdictional competition and conflict that flows from hearings in competing states when each state substantively reviews subjective factors, such as `best interest,' for purposes of determining initial jurisdiction. We thus resolve any statutory conflict in the application of home state jurisdiction in a manner consistent with the UCCJEA's intent of strengthening the certainty of home state jurisdiction.
 "As a result, we held that `home state' for purposes of determining initial jurisdiction under the Montana UCCJEA is not limited to the time period of `6 consecutive months immediately before the commencement of a child custody proceeding.' The applicable time period to determine `home state' in such *Page 6 
circumstances should be `within 6 months before the commencement of the child custody proceeding.' Montana UCCJEA. This interpretation promotes the priority of home state jurisdiction that the drafters of the UCCJEA specifically intended. The interpretation posed by the District Court and one of the parents would result in narrowing home state jurisdiction. It would increase the number of potentially conflicting jurisdictional disputes in competing jurisdictions. This result conflicts with the UCCJEA's purpose." Rosen, supra, at ¶ 38-39, quoting Stephens v. Fourth Judicial Dist. Court (2006), 331 Mont. 40, 2006 MT 21, at ¶ 12-13.
 {¶ 12} Accordingly, the trial court was required to first determine whether Ohio was D.B.'s home state on February 8, 2007, the date of commencement of this case, or within the six months prior to the commencement of the case. The trial court found that Ohio was not D.B.'s home state because he had not lived in Ohio for a period of six months prior to the commencement of the case. The trial court determined that D.B. was born in Ohio on March 6, 2004. Sprik and D.B. resided in Ohio for 11 months, until February of 2005, when they moved to Michigan. Sprik and D.B. then lived in Michigan for 19 months, until some time in September of 2006. The trial court then stated that the evidence showed that Sprik and D.B. moved back to Michigan on either February 23 or 24, 2007. Accordingly, the trial court determined that D.B. had not lived in Ohio for a full six months prior to the commencement of the trial. We find that the trial court did not abuse its discretion by finding that Ohio was not D.B.'s home state. Further, Beck does not dispute this finding. Rather, he concedes on appeal that "[o]n February 28, 2007-the day this action was filed-Ohio was not the child's `home state.'" Therefore, Ohio does not have jurisdiction over the matter under R.C.3127.15(A)(1).
 {¶ 13} Once the trial court determined that Ohio was not a home state, it was required to determine under R.C. 3127.15(A)(2) whether another state, i.e., Michigan, was a home state, or whether another state had declined to exercise jurisdiction. The trial court properly noted that "[t]here is no evidence that the state of Michigan declined to exercise jurisdiction over the case." *Page 7 
The trial court found that "[a]t the time of the commencement of the proceedings, [D.B.] lived in the state of Michigan. Michigan had jurisdiction over him and over these proceedings." This conclusion was erroneous. R.C. 3127.15(C) explicitly rejects this notion, stating that "physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custodydetermination." (Emphasis added.) Due to its faulty assumption that just because D.B. was located in Michigan at the commencement of the proceedings Michigan was the "proper, appropriate and convenient forum[,]" the trial court did not properly determine whether Michigan was D.B.'s home state under R.C. 3127.15(A)(1).[1] If, under the requirements of R.C. 3127.15(A)(1) and (2), the trial court determines that Michigan was the home state on the date of filing, then Ohio could only exercise jurisdiction if Michigan declined to exercise jurisdiction on the basis that Ohio is the more appropriate forum and the trial court finds that D.B. and at least one parent have significant connections with Ohio and substantial evidence is available "in this state concerning the child's care, protection, training, and personal relationships." R.C. 3712.15(A)(2)(a) and (b). Further, even if Michigan was the home state at the time of filing, Ohio could exercise jurisdiction if Michigan declined jurisdiction, finding that Ohio was the more appropriate forum. R.C. 3712.15(A)(3).
 {¶ 14} If, however, the trial court was to determine that Michigan wasnot D.B.'s home state, then Ohio could exercise jurisdiction if the trial court found, under R.C. 3127.15(A)(2)(a), that D.B. and at least one parent had a significant connection with Ohio and, under R.C.3127.15(A)(2)(b), that "[s]ubstantial evidence is available in this state concerning [D.B.'s] care, *Page 8 
protection, training, and personal relationships." Finally, Ohio could exercise jurisdiction over this case if "[n]o court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section." R.C. 3127.15(A)(4). Again, we point out that the Ohio Supreme Court has stated that the UCCJEA gives "jurisdictional priority and exclusive continuing jurisdiction to the home state." (Internal citations and quotations omitted.)Rosen, supra, at ¶ 21.
 {¶ 15} Because the trial court did not make these determinations, we decline to do so for the first time on appeal. As the trial court has neglected to follow the mandates of R.C. 3127.15, we find that it has abused its discretion. Accordingly, Beck's sole assignment of error is sustained and the cause is reversed and remanded for proceedings consistent with this opinion.
 III. {¶ 16} Beck's sole assignment of error is sustained. The judgment of the Medina County Juvenile Court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is *Page 9 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellee.
SLABY, J., CARR, P. J. CONCUR.
[1] As we noted above, the applicable Michigan code section codifying the UCCJEA are identical to the Ohio statues. Specifically, MCLS 722.1201 is identical to R.C. 3127.15. *Page 1