DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Randolph L. North ("Husband"), appeals from the dismissal of his case in the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.
 I {¶ 2} On December 20, 1993, Husband and Plaintiff-Appellee, Athena S. North ("Wife"), were married and subsequently had three children together. On March 31, 2005, the parties divorced and were issued a Decree of Divorce ("the Decree"). The Decree established Wife as the primary residential parent and acknowledged Wife's intent to relocate to Virginia. Husband consented to Wife's relocation, subject to the companionship terms established by the Decree. Wife later relocated with the parties' three children to Virginia, where she registered the Decree in the Fauquier County District Court on November 15, 2007. *Page 2 
 {¶ 3} On April 24, 2008, Husband filed a motion for, inter alia, change of custody for the two oldest children ("the children"). A hearing on the matter was set for June 9, 2008, before Magistrate Stoner. On May 15, 2008, Wife filed a motion to dismiss Husband's post-decree motion asserting that the matter was within the jurisdiction of the Fauquier County Juvenile and Domestic Relations Division Court in Virginia. Husband timely filed a response to Wife's motion to dismiss and Wife filed a reply brief.
 {¶ 4} On June 9, 2008, the court dismissed Husband's motion based on a lack of jurisdiction and cancelled the hearing schedule for that same day. Husband now appeals this dismissal and presents one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED IN DISMISSING THIS CASE FOR LACK OF JURISDICTION WHERE THE MOVING PARTY CONTINUED TO LIVE IN OHIO."
 {¶ 5} In his sole assignment of error, Husband asserts that the trial court erred when it granted Wife's motion to dismiss based on a lack of jurisdiction. Specifically, he argues that, because the Summit County Domestic Relations Court properly exercised jurisdiction over the initial child custody determination, that court retains exclusive and continuing jurisdiction over the matter until it or a court in another state determines, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and the Parental Kidnapping Prevention Act ("PKPA"), [1] that the children or the children's parents no longer reside in Ohio. Mother first *Page 3 
argues that Father's appeal should be dismissed for failure to properly file Objections to the Magistrate's Decision, pursuant to Civ. R. 53(E)(3). We note this only because of the peculiar nature of the trial court's June 9, 2008 entry, which was signed by both Magistrate Stoner and Judge Dezso and reads, in its entirety: "On the motion filed by Plaintiff, and for good cause shown, the post decree motion filed on April 24, 2008, is hereby dismissed due to lack of jurisdiction. The hearing date of June 9, 2008 is cancelled." Because the June 9, 2008 order effectively "determine[d] the action" under R.C. 2505.02, it is a final appealable order. Moreover, we note that the record does not contain evidence that a magistrate's decision was ever made in this matter pursuant to Civ. R. 53(D)(2)(a)(ii), which requires that the "magistrate's order [] be in writing, identified as a magistrate's order in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys." "It is well established that a trial court only speaks through [its] journal entry[.]" (Internal quotations omitted.) Desai v. Franklin, 9th Dist. Nos. 23930 23939, 2008-Ohio-3957, at ¶ 56, quoting State v.Overstreet, 9th Dist. No. 21367, 2003-Ohio-4530, at ¶ 8. Because the only journal entry in this case is the one signed by Judge Deszo that bears one time stamp from the Summit County Clerk of Courts, we consider it the order of the trial court and conclude that the signature of the magistrate is mere surplusage. Accordingly, we address this appeal on the merits and reject Wife's assertion that Husband waived his right to object to the magistrate's decision, as there was no magistrate's decision issued in this case.
 {¶ 6} "A trial court's decision as to whether to exercise jurisdiction pursuant to the [UCCJEA], as codified in Ohio R.C. Chapter 3127, should only be reversed upon a showing of an abuse of discretion." Beck v.Sprik, 9th Dist. No. 07CA0105-M, 2008-Ohio-3197, at ¶ 7, quoting In reCollins, 5th Dist. No. 06CA000028, 2007-Ohio-4582, at ¶ 15. The phrase "abuse of *Page 4 
discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} In 1997, UCCJEA replaced the Uniform Child Custody Jurisdiction Act and gave "jurisdictional priority and exclusive continuing jurisdiction to the home state." (Citations omitted.) Rosen v.Celebrezze, 117 Ohio St.3d 241, 2008-Ohio-853, at ¶ 21. Ohio adopted UCCJEA in April 2005, and it is the applicable law governing this dispute.[2] See R.C. 3127, et seq. Virginia also has adopted UCCJEA and consequently applies the same jurisdictional considerations, such as the preference for "home state" jurisdiction. See Va. Code § 20-146.1, et seq. "Under UCCJEA, the court in which a custody decree is originally issued retains continuing jurisdiction over issues of custody arising from that decree." Thebeau v. Thebeau, 4th Dist. No. 07CA34,2008-Ohio-4751, at ¶ 17, citing Rosen at ¶ 21.
 {¶ 8} UCCJEA defines the "home state" of a child, in relevant part, as "the state in which a child lived with a parent * * * for at least six consecutive months immediately preceding the commencement of a child custody proceeding[.]" R.C. 3127.01(B)(7). A "child custody proceeding" is one that determines issues of "legal custody, physical custody, parenting time, or visitation" and includes a divorce proceeding. R.C. 3127.01(B)(4). Neither party disputes that Ohio was the "home state" of the children at the time the parties' divorce proceeding commenced. Accordingly, Ohio had jurisdiction over the initial determination of custody *Page 5 
because it was "the home state of the child on the date of the commencement of the [divorce] proceeding" pursuant to R.C. 3127.15(A)(1).
 {¶ 9} R.C. 3127.16 provides that:
 "[A] court of this state that has made a child custody determination consistent with section 3127.15 or 3127.17 of the Revised Code has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." (Emphasis added.)
Because the trial court properly exercised jurisdiction in the initial determination of the parties divorce pursuant to R.C. 3127.15 and because Husband still resides in Ohio, the trial court retained jurisdiction over the matter. If both parents had relocated out of Ohio, then there might have been a question as to Ohio's exclusive and continuing jurisdiction, but that is not the case here. See Lafi v.Lafi, 2d Dist. No. 2007 CA 37, 2008-Ohio-1871 (determining that an Ohio court lacked jurisdiction to consider custody issues under UCCJEA because neither one of the parents or the child continued to reside in Ohio).
 {¶ 10} Wife asserts that because she "registered" the Decree in Virginia upon moving there, Virginia has "accept[ed] jurisdiction" over the children's custody matter. Wife fails to identify any provision of UCCJEA or any case law in support of her contention. Similarly, she appears to have overlooked the express provisions of UCCJEA that grant Ohio continuing and exclusive jurisdiction over the children's custody "until the [Ohio] court or a court of another state determines that the child, [or] the child's parents, * * * do not presently reside in this state." R.C. 3127.16.
 {¶ 11} Further, Wife's argument that Ohio is no longer the "home state" of the children completely disregards the statutory definitions assigned to that term, as well as the underlying premise of UCCJEA, which is to "strengthen[] the certainty of home state jurisdiction."Rosen at *Page 6 
¶ 38, quoting Stephens v. Fourth Judicial Dist. Court (2006), 331 Mont. 40, 2006 MT 21, at ¶ 12. Finally, Wife maintains that Ohio is an inconvenient forum in which to determine custody and that Virginia is the more appropriate forum to litigate this matter. Wife's assertion ignores the plain language of R.C. 3127.21(A), which reads:
 "A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court" (Emphasis added.)
There is no evidence in the record before this Court that any party or another court raised the issue or made a determination that Ohio is an inconvenient forum in which to litigate this matter.
 {¶ 12} Having determined that Ohio maintains exclusive and continuing jurisdiction over this matter, we determine that the trial court abused its discretion in dismissing Husband's motion to change custody for lack of jurisdiction. Accordingly, Husband's sole assignment of error is sustained.
 III {¶ 13} Husband's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
SLABY, J. CARR, P. J. CONCUR
[1] Because the facts of this appeal do not involve applying full faith and credit to the child custody order of another state, PKPA is not implicated here. Thus, our determination is governed solely by UCCJEA.
[2] Though the Decree was issued prior to the April 11, 2005 effective date of UCCJEA, Husband's motion for change of custody was not filed until April 24, 2008. Thus, UCCJEA controls this case pursuant to R.C. 3127.53. *Page 1