[Cite as *S.D. v. K.H.*, 2018-Ohio-1181.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105244**

## S.D.

PETITIONER-APPELLANT

vs.

## K.H., ET AL.

RESPONDENTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-16-363671

**BEFORE:**  Kilbane, P.J., Stewart, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  March 29, 2018

**ATTORNEYS FOR APPELLANT**

Leeann M. Massucci
Colleen L. Marshall
Massucci Law Group, L.L.C.
250 Civic Center Drive, Suite 600
Columbus, Ohio 43215


**ATTORNEY FOR APPELLEE**

Leslie Johns
The Martinez Firm
4230 S.R. 306, Suite 240
Willoughby, Ohio 44094


**Also Listed:**

M.T.
5831 Eldon Drive
Parma Heights, Ohio 44130

MARY EILEEN KILBANE, P.J.:

{¶1} Petitioner-appellant, S.D. ("Mother 2"), appeals from the decision of the domestic relations court, denying her petition to register a foreign parentage order. For the reasons set forth below, we affirm.

{¶2} The underlying facts of this appeal present us with a situation where mother-respondent-appellee, K.H. ("Mother 1"), and M.T. ("Father"), the biological parents of the minor child, A.T. (d.o.b. 2/17/2006), divorced in November 2007. The terms of the divorce decree provided Mother 1 with full and legal custody of A.T. and Father with visitation rights. The decree also provided that Mother 1 could relocate without notice to Father.

{¶3} Shortly after the divorce, Mother 1 and Mother 2 began a relationship. In September 2008, Mother 1, Mother 2, and A.T. moved to California. The three of them lived together as a family with Mother 1 and Mother 2 sharing parenting responsibilities. Mother 2 was the "stay-at-home parent." Mother 1 and Mother 2 ended their relationship in May 2010, at which point in time the women continued to share parenting responsibilities and split their parenting time 50/50 until July 2013, when Mother 1 ceased A.T.'s contact with Mother 2.

{¶4} In response, Mother 2 sought to legally formalize her parental role in A.T.'s life by filing with the Superior Court of California, County of Santa Clara ("California Court") a Petition to Establish Parental Relationship. In October 2013, the California

Court entered temporary orders giving Mother 2 custody and visitation rights. At a hearing in January 2014, Mother 1 withdrew her objection to Mother 2 being recognized as a parent, and the court issued a parentage order that was stipulated to by both Mother 1 and Mother 2. This parentage order found Mother 2 to be a parent of A.T. Thereafter, the two women shared joint physical custody of A.T., and Mother 2 continued her parenting responsibilities.

{¶5} In 2016, Mother 1 filed a request for orders in the California Court, seeking permission to move back to Ohio with A.T. Prior to the California Court's ruling on the motion, Mother 1 returned to Ohio with A.T. in April 2016. In the interim, Father filed a motion with the California Court requesting to set aside the 2014 parentage order. A hearing was held on the matter in June 2016. At this hearing, the California Court indicated that it would contact the Domestic Relations Division of the Cuyahoga County Common Pleas Court ("Ohio Court") to determine whether the Ohio Court wished to relinquish jurisdiction over issues related to A.T.'s custody and visitation to the California Court.

{¶6} On June 30, 2016, the Ohio Court communicated its findings in the matter with the California Court through a letter and a copy of its judgment entry. In the letter, the Ohio Court advised that it has exclusive and continuing jurisdiction over any custody and parenting determinations with respect to A.T. The Ohio Court also noted that R.C. 3109.051(B)(1) does permit it to grant reasonable companionship or visitation rights to a third party where the court determines that such companionship or visitation is in the best

interest of the child.  The Ohio Court advised that should Mother 2 "wish to pursue visitation rights pursuant to the Ohio Revised Code, she would need to file a motion to intervene in the matter before our Court and file the appropriate motion to seek visitation."

{¶7} In the judgment entry, the Ohio Court found that it has "exclusive continuing jurisdiction over any custody and parenting determinations with respect to [A.T. under] the Uniform Child Custody Jurisdiction and Enforcement Act ('UCCJEA'), when it issued a parenting order on November 8, 2007, as part of a decree of divorce between [Mother 1 and Father]."[1]  The court reasoned that under both Ohio and California law, when at least one of the parents still resides in the state that made the original custody determination, that state has exclusive, continuing jurisdiction to modify its own order. The court stated that this is the law in both Ohio and California.  The court went on to state that "at no time did [the Ohio Court] decline to exercise its exclusive continuing jurisdiction over the parties and [A.T.], or consent to the California [C]ourt assuming

---

[1]The UCCJEA was "adopted by the Ohio General Assembly in 2004 and became effective in 2005." *Mulatu v. Girsha*, 12th Dist. Clermont No. CA2011-07-051, 2011-Ohio-6226, ¶ 15.  The UCCJEA "provides an open door to the judicial system so that issues related to child custody can be determined and enforced despite a parent's choice to relocate around the country, or the world." *Id.*  The main provisions of the UCCJEA include:  "determining when states can exercise jurisdiction over a child; requiring states to enforce custody determinations; forbidding states from modifying custody determinations made by other states unless the other state no longer had jurisdiction under the Uniform Act; requiring states to decline jurisdiction if another state had assumed jurisdiction; and permitting states to decline jurisdiction if another state would offer a more convenient forum." *Id.* at ¶ 14.  The UCCJEA grants jurisdictional priority and exclusive continuing jurisdiction to the home state.  *Id.*

jurisdiction over the issue of parenting [A.T.]." The Ohio Court concluded that "the orders issued by the [California Court] involving [A.T.] are void as a matter of law." The Ohio Court further found that "the custody and visitation orders issued by this Court on November 8, 2007 and June 14, 2016, were the only valid parenting orders with respect to [A.T.]."

{¶8} Thereafter, on July 19, 2016, the California Court issued the following findings: (1) the jurisdictional provisions of the UCCJEA do not apply to a parentage determination; (2) the jurisdictional provisions of the UCCJEA do apply to custody and visitation orders, and Ohio retained continuing and exclusive jurisdiction over all issues related to A.T.'s custody and visitation; and (3) Father had proper notice of the proceedings. In light of these findings, the California court denied Father's request to set aside the original parentage order and stayed all custody and visitation orders issued in the proceedings.

{¶9} Then on September 2, 2016, Mother 2 filed a petition to register the foreign parentage order with the Ohio Court, seeking to enforce the parentage order issued by the California Court. Mother 1 and Father each opposed Mother 2's petition. In her opposition, Mother 1 also requested a hearing to contest the registration of the foreign parenting order. The court denied Mother 2's petition in November 2016. The court found that it has "exclusive continuing jurisdiction over custody matters pertaining to [A.T.], and that the California Court's February 2014 judgment is void for lack of subject-matter jurisdiction."

{¶10} We note that at the time Mother 2 filed her petition in the instant case, she contemporaneously filed a motion to intervene, a motion for immediate parenting time, and a motion for shared parenting or custody (or to modify same) in the original divorce case between Mother 1 and Father. The Ohio Court denied Mother 2's motion to modify parenting time, but granted her motion to intervene and renamed her motion for immediate parenting time as a motion for companionship time. The court appointed a guardian ad litem for A.T. and the matter was set for trial in April 2017. However, through an agreed judgment entry, the matter was stayed by the trial court pending a decision in the instant appeal.

{¶11} Mother 2 now appeals the trial court's denial of her petition to register the foreign parentage order, and raises the following assignment of error for review.

### Assignment of Error

The [Ohio Court's] denial of the registration of the [California Court's] Foreign Parentage Order No. 392242 is a violation of the Full Faith and Credit Clause, Article IV, Section 1, of the United States Constitution.

{¶12} Mother 2 maintains that the California Court had the authority to adjudicate parentage under California law, and that the parentage adjudication is a legal and permanent parent-child relationship equivalent to an adoption.[2] She argues that the issue of parentage is separate from the issue of custody and visitation, and the California Court

---

[2] We note that California is the first state to formally recognize that a child can have more than two legal parents. As of January 2014, a child in California may have more than two legal parents if limiting the child to two parents would be detrimental to the child. Cal.Fam.Code 7612(c).

did not interfere with the Ohio Court's jurisdiction over custody and visitation. As a result, she contends that the Ohio Court erred in not giving her parentage order full faith and credit under Ohio law and recognizing her status as a parent to A.T.

{¶13} In this case of first impression, our discussion is limited to determining whether the trial court's decision "that the California Court's February 2014 judgment is void for lack of subject-matter jurisdiction" was proper. While we are cognizant of the best interest of the child — the underlying tenet in child-custody determinations, we agree with the trial court's finding that "the California Court's February 2014 judgment is void for lack of subject-matter jurisdiction."

{¶14} From what can be gleaned in this limited record, Mother 1 and Father were divorced by decree in the Ohio Court in November 2007. In September 2013, Mother 2 initiated court proceedings in California to establish a legal parental relationship with A.T.

{¶15} Both Ohio and California have enacted the UCCJEA. *See* R.C. Chapter 3217 and Cal.Fam. Code Chapter 3400. Relevant to this appeal, R.C. 3127.16 provides: "a court of this state that has made a child custody determination consistent with [R.C. 3127.15 or 3127.17] *has exclusive, continuing jurisdiction* over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." (Emphasis sic.)

{¶16} R.C. 3127.01(B)(3) defines child-custody determination as

a judgment, decree, or other order of a court that provides for legal custody, physical custody, parenting time, or visitation with respect to a child.

*"Child custody determination" includes an order that allocates parental rights and responsibilities.*

(Emphasis sic.)   R.C. 3127.01(B)(4) defines child-custody proceedings

> to include a proceeding in which legal custody, physical custody, parenting time, or visitation with respect to a child is an issue. "Child custody proceeding" may include a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, *parentage*, termination of parental rights, or protection from domestic violence.

(Emphasis sic.)

{¶17} In the instant case, the Ohio Court made the initial custody determination as part of the divorce decree between Mother 1 and Father, and Father has lived in Ohio continuously since that initial determination.   At no time since then has the Ohio Court declined jurisdiction, nor has it consented for the California Court to assume jurisdiction. As a result, under the UCCJEA, the Ohio Court retains exclusive, continuing jurisdiction over custody and parenting determinations with respect to A.T.   *See* R.C. 3127.16 and Cal.Fam.Code 3422.

{¶18} The court proceedings initiated by Mother 2 in California established a legal parental relationship with A.T. while the Ohio Court had exclusive, continuing jurisdiction over the matter.   Because the Ohio Court has exclusive, continuing jurisdiction, the California Court did not have subject-matter jurisdiction to make a parenting determination regarding A.T.   "Subject-matter jurisdiction is fundamental.   It defines the court's power to decide cases.   Subject-matter jurisdiction can never be waived; any decision entered without subject-matter jurisdiction is void."   *Francis David Corp. v. Scrapbook Memories & More*, 8th Dist. Cuyahoga No. 93376, 2010-Ohio-82,

¶ 17, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. Therefore, the Ohio Court properly concluded that the California Court's parenting order is void and has no effect in the Ohio Court.

**{¶19}** While Ohio does not recognize more than two legal parents, the trial court aptly advised the parties that Ohio law does permit the court to grant "companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, *or any person other than parent*[.]"  (Emphasis added.)  R.C. 3109.051(B)(1). The trial court has allowed Mother 2 to proceed with a motion for companionship in the original divorce case between Mother 1 and Father.  Following our decision in this appeal, the companionship matter will proceed to trial where the trial court can make a best-interest determination as to A.T. and her relationship with Mother 2.[3]

**{¶20}** Thus, in light of the foregoing, Mother 2's sole assignment of error is overruled.

**{¶21}** Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic

---

[3]The best interest of the child factors include, but are not limited to:  the child's wishes; the child's age; the child's interaction and interrelationships with the child's parents, siblings, and any other person who may significantly affect the child's best interest; the health and safety of the child; the mental and physical health of all person involved; the child's adjustment to the child's home, school, and community; and the recommendation of the guardian ad litem of the child.  R.C. 3109.04(F)(1)-(2).

relations division of the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR