PIPER, J., dissenting.
{¶ 26} When applying Ohio's codification of the UCCJEA, the majority holds if subject matter jurisdiction is disputed, as a matter of law, the case must be dismissed. This holds true for the majority opinion even if no other state has accepted jurisdiction, no communication with another state has occurred, no action is pending or anticipated in another state, and no party has officially asserted jurisdiction in another state.
{¶ 27} On the bare bones representation of residency that the parties' child is physically present and resides in another state, the majority finds that alone forces home state jurisdiction upon another state. Yet, Ohio has exclusive, continuing jurisdiction and physical presence of the child is not necessary to make a child custody determination. R.C. 3127.15 (C) ; Beck v. Sprik , 9th Dist. Medina No. 07CA0105-M, 2008-Ohio-3197, 2008 WL 2581385.
{¶ 28} With respect for the opinion of my colleagues, I am compelled to dissent because I find that the majority's application of the UCCJEA violates the plain meaning and designated purpose of the UCCJEA.
PURPOSE OF UCCJEA
{¶ 29} The majority cites general black letter law that sua sponte dismissal is appropriate if there is a lack of subject matter jurisdiction. Yet, almost all the cases cited by the majority do not involve the UCCJEA, which has specific, and multiple, forms of subject matter jurisdiction a juvenile court can exercise.[4] Similar to the rules of construction, one would expect the more specific law of the UCCJEA to take precedent over the law as generally applied. See State ex rel. Belknap v. Lavelle , 18 Ohio St.3d 180, 182, 480 N.E.2d 758 (1985).
{¶ 30} Surprisingly, the majority concedes the UCCJEA anticipates a dismissal if there are competing jurisdictions exercising their authority. The majority acknowledges "(t)he intent of the UCCJEA was to ensure that a state court would not exercise jurisdiction * * * if a court in another state was already exercising jurisdiction ..." (Emphasis added.) Significantly here, no other court is "already exercising" jurisdiction. In dismissing the case as a matter of law, without another jurisdiction already exercising jurisdiction, the majority creates a no-man's land for Father and his child-related proceedings.[5]
{¶ 31} The UCCJEA ensures an open door to the judicial system so that child-related *18 proceedings can take place despite a parent's choice to relocate to a different state.
{¶ 32} Notwithstanding the mobility of parents, there should never be a "no-man's land" for children. Therefore, the UCCJEA is designed to ensure that a forum will always be in existence concerning custody issues that need to be decided regardless of the parent's circumstances. In the Matter of A.G.M. , 12th Dist. Warren No. CA2011-09-095, 2012-Ohio-998, 2012 WL 764908, ¶ 15.
{¶ 33} When jurisdictional disputes occur, it is only through the cohesive cooperation of the two states that allows them to act with unity and guarantee parents a readily available jurisdiction to resolve any child-related issues. Here, the record is unequivocal there is no jurisdictional competition taking place.[6]
OHIO'S JURISDICTION EXISTS
R.C. 3127.16 Initial Determination
{¶ 34} "Child custody proceedings" within the meaning of the UCCJEA include parentage/paternity proceedings. R.C.3127.01(B)(4). It is undeniable that "parentage" and "paternity" are used interchangeably by Ohio courts. E.B. v. R.F. , 6th Dist. Erie No. E-11-045, 2012-Ohio-388, 2012 WL 361996, ¶ 8 ; G.P. v. L.M. , 5th Dist. Morrow No. 16CA0005, 2016-Ohio-7955, 2016 WL 7015895, ¶ 12. R.C.3127.01(B)(4) permits "child custody proceedings" to include parentage proceedings.[7] Similarly, Nevada's N.R.S. 125A055 states a child custody proceeding "includes a proceeding for * * * paternity."
{¶ 35} Therefore, by definition, the commencement of a parentage proceeding is the commencement of a child custody proceeding. The UCCJEA defines "commencement" of a child custody proceeding as the filing of the first pleading. R.C. 3127.01(B)(5) ; N.R.S. 125A065. Unquestionably, the first pleading commencing the proceedings was Father's filing to establish parentage. "[A] child custody action is commenced by the filing of the first pleading in a proceeding." State ex rel. M.L. v. O'Malley , 144 Ohio St.3d 553, 2015-Ohio-4855, 45 N.E.3d 971, ¶ 12.
{¶ 36} This makes sense because Father could not establish visitation or custody until he established his parentage. According to the court's docket, when Father filed his first pleading commencing his child custody proceeding, he was charged costs for "paternity, support, visitation." In this initial pleading, he requested all other relief appropriate. In other words, the court was aware other issues would be addressed within the same case. When Father filed for custody, it was filed under the same case number as part of the same case and docketed as a motion for custody.[8] In dismissing Father's request for custody, the magistrate reviewed notes, the pleadings, and previous hearings which included the parentage portion of the case.
{¶ 37} The court initially exercised jurisdiction (both personal and subject matter) over the parties pursuant to R.C. 3127.15. Mother was served in Nevada and participated *19 while in Nevada. Once the court made a determination in the "child custody proceeding," it had exclusive, continuing jurisdiction. R.C. 3127.16. Therefore, Father is correct in disputing the trial court's sua sponte dismissal that determined as a matter of law, Ohio has no form of subject matter jurisdiction.
{¶ 38} It is irrelevant at this point, and it is not before us on appeal, whether the court initially exercised its authority because the facts of this case technically did not establish any one state with "home state" jurisdiction or because it considered Ohio as the "home state." Despite Mother taking their unborn baby to another state in order to give birth, exclusive continuing jurisdiction remains in Ohio once a determination was made exercising jurisdiction until the court decides otherwise. Once the initial child custody proceedings took place, Ohio has exclusive continuing jurisdiction. S.D. v. K.H. , 8th Dist. Cuyahoga, 2018-Ohio-1181, 98 N.E.3d 375.[9]
R.C. 3127.15(A)(1) Home State
{¶ 39} Father also claims Ohio has exclusive, continuing jurisdiction because it is the home state, not Nevada. He asserts that Mother left their home state to temporarily deprive Father of participating in the birth of their child. Father suggests the permanency of Mother's residency in Nevada is dubious at best. He suggests her conduct is unjustified to alienate Father from his child and evade jurisdiction in Ohio.
{¶ 40} Father's arguments are not without merit, as courts have considered temporary absences from a home state as not divesting the home state of jurisdiction. In re R.M. , 4th Dist. Athens Nos. 12CA43 and 12CA44, 2013-Ohio-3588, 997 N.E.2d 169 (where the status of home state was disputed and an absence from Ohio to give birth in Kentucky was temporary); Ogawa v. Ogawa , 125 Nev. 660, 221 P.3d 699 (2009) (where the Nevada Supreme Court recognized an absence of eight months to be temporary and not divesting it of home state jurisdiction).
{¶ 41} We have previously noted that R.C. 3177.22 speaks to "unjustifiable conduct," warning that "jurisdiction is not proper if it is garnered by moving children from the home state." Mulatu v. Girsha , 12th Dist. Clermont No. CA2011-07-051, 2011-Ohio-6226, 2011 WL 6017968, ¶ 36. Nevada's N.R.S. 125A375 is essentially equivalent to Ohio's R.C. 3177.22.
{¶ 42} When jurisdictional facts are disputed, a trial court's findings are subject to an abuse of discretion review, not de novo, and will be upheld if not clearly erroneous and supported by substantial evidence. Ogawa at 668, 221 P.3d 699 ; Thebeau v. Thebeau , 4th Dist. Lawrence No. 07CA34, 2008-Ohio-4751, 2008 WL 4278127, ¶ 16. In the matter before us, however, the trial court conducted no evidentiary hearing and made no findings because it erroneously determined there was no jurisdiction as a matter of law.
{¶ 43} Only one case could be located that referenced a dismissal based on the pleadings without conducting an evidentiary hearing. State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas , 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728. However, that dismissal came only after Ohio and Virginia consulted with one another and decided the home state was Virginia.
*20 Jurisdiction Reconsidered
{¶ 44} Even though the trial court had subject matter jurisdiction initially, it may re-evaluate whether it should consider exercising its jurisdictional authority pursuant to the UCCJEA. Any decision would be an exercise of discretion, yet with proper findings, a court may decline to exercise its jurisdiction at any time. R.C. 3127.21.
{¶ 45} When two states communicate and ascertain the availability of a forum to exercise jurisdiction, it fulfills the very essence of the UCCJEA. Even a home state with the existence of jurisdiction pursuant to R.C. 3127.15(A)(1) can decline to exercise its jurisdiction. State ex rel. M.L. , 144 Ohio St.3d 553, 2015-Ohio-4855, 45 N.E.3d 971, at ¶ 16.
{¶ 46} We have recently observed an Ohio court contacting a Michigan court to suggest that it was Michigan which had the proper authority to exercise jurisdiction. This communication occurred despite no filings of record in Michigan. The communication and coordination resulted in Michigan declining jurisdiction and Ohio retaining the matter. In the Matter of A.G.M. , 2012-Ohio-998 at ¶ 16. We noted that the integrity of the UCCJEA sometimes requires consultation with another state court and that court "need not have a pending motion, or even a case or controversy, officially filed to broach the jurisdictional issue." Id. at ¶ 23. This process, not a unilateral dismissal, honors the spirit of the UCCJEA and ensures a parent open access to a readily-awaiting forum willing to exercise jurisdiction.
{¶ 47} If no state court is clearly and singularly the home state, it is the communication and coordination resulting in an available jurisdiction that shines well upon the judicial system. G.P. v. L.M. , 5th Dist. Morrow No. 16CA0005, 2016-Ohio-7955, 2016 WL 7015895, ¶ 27. The discussion between judges keeps the door open to "the most appropriate state for the matter to be heard based on the circumstances." Id. at ¶ 14. Interstate consultation unites the judicial system to ensure parents a forum to preside over their child-related issues. Lafi v. Lafi , 2d Dist. Miami No. 2007 CA 37, 2008-Ohio-1871, 2008 WL 1759083 ¶ 13.
Additional Considerations
{¶ 48} In the circumstances of our limited record, Nevada and Ohio would likely consider Ohio's potential jurisdiction should Nevada consider declining. The file reflects Mother has not responded to mailings from the court, thus it remains uncertain where she and the child currently reside.
{¶ 49} Father emphasizes the proceedings for parentage were commenced in Ohio. He makes the argument that Mother was raised in Ohio, her family is in Ohio, and Mother was previously married and subsequently divorced in Ohio. Father asserts that Mother's children from her first marriage continue to reside in Ohio and that she frequents Ohio. Depending on the circumstances as they might be developed, it appears undeniable that much of the evidence and witness testimony will be derived from sources in Ohio. It appears there is substantial connection to Ohio. R.C. 3127.15(A)(2).
CONCLUSION
{¶ 50} There are four types of subject matter jurisdiction in existence in any one case pursuant to UCCJEA. Which type of subject matter jurisdiction is to be implemented will depend upon the factual scenario of individual situations. Generally, if home state jurisdiction is undisputed, or otherwise undeniable, it will have priority over other forms of jurisdiction. Home state jurisdiction, however, can be disputed and despite its priority can even be declined depending upon the facts. It may *21 not always be the appropriate forum to be exercised which is why the UCCJEA encourages communication between jurisdictions.
{¶ 51} Here, the trial court initially exercised the existence of its subject matter jurisdiction. Subsequently, the court chose not to continue exercising its jurisdiction, erroneously believing the record was ripe for considering Nevada had priority. However, continuing to exercise its jurisdiction is different than finding none is in existence. The existence of jurisdiction and the exercise of jurisdiction are separate matters requiring different standards of review.
{¶ 52} The majority determines the standard of review is de novo because as a matter of law it finds no form of subject matter jurisdiction ever existed. However, it cannot be said as a matter of law one of the forms of subject matter jurisdiction was not in existence. While the trial court chose not to continue exercising jurisdiction, no other state indicated an existence of jurisdiction to exercise. Whether jurisdiction will be exercised requires an abuse of discretion standard of review. Therefore, it is my belief that the majority has applied an incorrect standard of review.
{¶ 53} Father initiated paternity proceedings to legally begin the acceptance of his responsibilities as a parent. This was done at his effort and expense. Now he seeks to continue those responsibilities relative to issues such as custody, visitation, child support and medical expenses. A young man who seeks to be a responsible father and participating parent should not be obstructed by an overly narrow application of the UCCJEA but rather he should be reassured by its very purpose. If subject matter jurisdiction was an issue, the court should have facilitated development of the record. To do otherwise slams the door, denying Father access to the judicial system the UCCJEA previously ensured.
{¶ 54} Therefore, the trial court's dismissal was premature and based upon an undeveloped record. This matter requires reversal and remand so that the parties can have their full and fair day in court regardless of which state is ultimately determined to be the most appropriate forum for exercising jurisdiction.
{¶ 55} The juvenile court undoubtedly has subject matter jurisdiction over the child-related issues and is authorized to exercise jurisdiction pursuant to the UCCJEA. Consequently, I find the trial court abused its discretion in failing to exercise its continuing jurisdiction by determining there was no existence of subject matter jurisdiction as a matter of law. I would reverse and remand for further proceedings accordingly. I therefore respectfully dissent from the majority's judgment herein.

The majority does cite Critzer v. Critzer , 8th Dist. Cuyahoga No. 90679, 2008-Ohio-5126, 2008 WL 4436777, which is a UCCJEA case. In that case, there were two separate states with proceedings pending creating a jurisdictional conflict between Ohio and Pennsylvania. One of the parties asserted the issue of subject matter jurisdiction, and upon appellate review, it was determined the Ohio court did not abuse its discretion in exercising jurisdiction and not declaring Ohio an inconvenient forum. It appears the case would not support the proposition that dismissal is required as a matter of law when jurisdiction is disputed.

The majority creates a Catch-22 for Father. In dismissing Father's pending Ohio case, and directing him to open a Nevada case, Father will never have competing jurisdictions because an "already exercising jurisdiction" can never be in existence.

Father suggests Mother's conduct is a subterfuge to deny him a forum, however, with no evidentiary hearing this suggestion is yet to be supported.

"Parentage" is defined as a state or condition of being a parent. Kindred in the direct ascending line. Black's Law Dictionary (6th Ed. 1990).

Whether the pleading was considered a motion or a complaint is of little consequence. Regardless of its caption, the motion was considered by the court to be within the same matter. Its caption was not raised as an issue before us, nor was it relied upon by the court since it considered the entire file in its sua sponte dismissal.

If subject matter jurisdiction never existed in Ohio as the majority suggests, the parentage determination must be considered void. S.D. v. K.H. , 8th Dist. Cuyahoga, 2018-Ohio-1181, 98 N.E.3d 375, ¶ 18.