JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from the Cleveland Municipal Court on defendant Maurice Rhoades' objections to a judgment entered in favor of plaintiff Cleveland Metropolitan Housing Authority ("CMHA") on its complaint for eviction and unpaid rent. We lack a final order and dismiss the appeal.
 {¶ 2} This case commenced in September 2004 when CMHA filed a complaint seeking Rhoades' eviction from one of its apartments and unpaid rent. CMHA cited Rhoades' arrest on drug charges as grounds for eviction. The court approved, over Rhoades' objections, a magistrate's decision finding that the presence of cocaine in Rhoades' apartment constituted valid grounds for eviction. The court ordered the case to go forward solely on CMHA's claim for unpaid rent. Rhoades appealed from the judgment, but we dismissed the appeal due to Rhoades' failure to file the record. He then sought relief from the court's judgment pursuant to Civ.R. 60(B). The court denied the motion for the reason that Rhoades failed to provide sufficient factual support to justify relief.
 {¶ 3} At the same time, the state of Ohio went forward with criminal charges stemming from Rhoades' drug arrest. Rhoades pleaded guilty to drug possession and resisting arrest in CR-444534, but later sought to withdraw his plea before sentencing on grounds that his plea had been induced by a "panic attack." The court denied the motion to withdraw the plea. On appeal, a panel of this court reversed, finding that "[a]lthough there is no evidence in the record to support Rhoades' assertion that he had an anxiety attack," the court erred by denying the motion to withdraw the plea without first conducting a hearing. See State v. Rhoades, Cuyahoga App. No. 84358, 2005-Ohio-391. On remand, the court permitted Rhoades to withdraw his guilty plea. The state then dismissed the indictment.
 {¶ 4} Rhoades filed a second motion for relief from judgment, asserting as a ground for relief that his sentence had been vacated and remanded by this court. At about the same time, Rhoades filed a counterclaim in which he raised allegations that CMHA police officers had lied when arresting him and that CMHA had engaged in a pattern of activity to force his removal from the premises. CMHA responded with a motion to dismiss on grounds that the allegations contained in the counterclaim were barred by either res judicata or collateral estoppel. Rhoades responded by filing a motion to "renew" his first motion for relief from judgment.
 {¶ 5} The court denied both of Rhoades' motions for relief from judgment. It found that the dismissal of criminal charges against Rhoades did not require the court to vacate its order of eviction since that ruling had been based on the preponderance of the evidence standard of review. The court found that the state's failure to prove the drug offense under the "beyond a reasonable doubt" standard of review did not necessarily mean that the preponderance of the evidence standard had not been shown during the eviction proceedings. The court did, however, grant Rhoades leave to file an amended answer and counterclaim and apparently held CMHA's motion to dismiss in abeyance.
 {¶ 6} Rhoades then filed a "second renewed motion for relief from judgment," again challenging the eviction order. The court denied that motion as it did not raise any new basis for relief. The court then granted CMHA's motion to dismiss Rhoades' counterclaims on grounds that they were barred by res judicata. The court noted that Rhoades' claims in the present case had all been raised in CV-03-505185, an action between Rhoades and CMHA. The court of common pleas rendered summary judgment for CMHA on that complaint, and we affirmed in Rhoades v. ClevelandMetropolitan Housing Auth., Cuyahoga App. No. 84439,2005-Ohio-505. The court went on to note that even if res judicata did not apply, the claims were procedurally barred as they were compulsory counterclaims that should have been raised in the earlier case. Finally, the court found all of Rhoades' claims, except for the invasion of privacy claim, were time-barred under the relevant statutes of limitations. The court did order that Rhoades' claim for return of his security deposit would go forward. Rhoades did not appeal.
 {¶ 7} The court referred the case to a magistrate for trial. CMHA's property manager failed to appear for trial, so the magistrate dismissed the claim for back rent without prejudice. Rhoades "declined to put forward a witness or evidence" relating to his counterclaim, so the court dismissed that claim without prejudice. The court approved the magistrate's decision over Rhoades' objections. This appeal followed.
 {¶ 8} Our lengthy statement of the case may seem at odds with what is a very simple conclusion of law: the court's dismissal without prejudice of all remaining claims is not a final order under R.C. 2505.02. This is because a voluntary dismissal without prejudice is not an adjudication on the merits and it leaves the parties as if the action never had been commenced. Lovins v.Kroger Co., 150 Ohio App.3d 656, 2002-Ohio-6526, at ¶ 6.
 {¶ 9} Rhoades' brief argues that the court erred by several times refusing to grant him relief from judgment. As our statement of the case shows, Rhoades took no timely appeal from any of these refusals, so he has lost the right to appeal from them. See App.R. 4(A). We note that even had Rhoades timely appealed from any of the successor motions for relief from judgment, those appeals would have been doomed by res judicata. In Harris v. Anderson, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8, the supreme court quoted Beck-Durell Creative Dept., Inc. v.Imaging Power, Inc., Franklin App. No. 02AP-281, 2002-Ohio-5908, ¶ 16 for the proposition that "[r]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." By failing to appeal from the very first denial of relief from judgment, Rhoades forever lost the right to challenge that denial.
Appeal dismissed.
It is, therefore, ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Cooney, J., concur.