[Cite as *In re M.A.H.*, 2012-Ohio-2318.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97963

# IN RE: M.A.H.
# A Minor Child

# JUDGMENT:
# REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 11107326

**BEFORE:** Keough, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEY FOR APPELLANT**

John H. Lawson
Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH 44103

**FOR APPELLEE**

**For Father**

Jimmy Hernandez, pro se
11610 Treadway Avenue
Cleveland, OH 44109

**Guardian Ad Litem**

William T. Beck
2035 Crocker Road
Suite 201
Westlake, OH 44145

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Appellant-mother ("Mother") appeals the judgment of the trial court denying her motion to vacate the court's judgment awarding legal custody of M.A.H., a minor child, to appellee-father ("Father"). For the reasons that follow, we reverse and remand.

## I.   Facts and Procedural History

**{¶2}** Mother gave birth to M.A.H. February 22, 2010, as an unwed mother. Father and Mother signed and filed a voluntary acknowledgement of paternity affidavit establishing Father as M.A.H.'s legal father.

**{¶3}** On April 21, 2011, Father filed an application to determine custody of M.A.H. pursuant to R.C. 2151.23(A)(2).  The magistrate set several pretrials at which Mother did not appear.  The magistrate continued the matter several times upon noting that service was not complete.  The magistrate subsequently appointed a guardian ad litem for M.A.H. and set the matter for trial.

**{¶4}** Mother did not appear for trial.  At trial, the magistrate found that the docket indicated that the court had mailed the summons and complaint on November 1, 2011 by regular mail to 70 Briarwood Court, Howell, New Jersey, 07731, and, therefore, service was perfected.  The magistrate further found that Mother had notice of trial

because a trial notice had been sent to Mother at the Briarwood Court address on October 19, 2011.

**{¶5}** Father testified at trial that Mother, who had relocated to New Jersey at the end of August 2011, had not granted him visitation with M.A.H. since November 2010. He stated further that he lived with his wife and two children, there was a crib in his daughter's room for M.A.H., and his wife would care for M.A.H. when he was working.

**{¶6}** The guardian ad litem stated that Father's home was "appropriate," and had "the necessities available for the child and a place for the child to sleep." He stated further that Father had unsuccessfully attempted to arrange visitation with M.A.H. with Mother. He stated that Mother worked for Continental Airlines and traveled periodically to Cleveland so her son from her previous marriage could visit with her ex-husband, and he did not know why Mother did not also bring M.A.H. with her to allow Father visitation with her. "Based on that," the guardian ad litem recommended that custody be granted to Father.

**{¶7}** The magistrate then rendered a decision finding that it was in the best interests of the child that Father be designated as the residential parent and legal custodian of M.A.H. On December 3, 2011, when Mother arrived at Cleveland Hopkins International Airport from New Jersey, Father took possession of M.A.H. with the assistance of the Cleveland Police Department. On December 5, 2011, the trial court entered a judgment adopting the magistrate's decision.

**{¶8}** Two days later, Mother filed a motion for relief from judgment pursuant to Civ.R. 60(B) and a motion for emergency hearing. In her motion, Mother asserted that the judgment of the court granting legal custody of M.A.H. to Father should be vacated becase she was never served with Father's application to determine custody and, thus, the court was without jurisdiction to render judgment.

**{¶9}** Attached to Mother's motion for relief from judgment was the sworn affidavit of her mother, Nilda Landrau, in which Ms. Landrau averred that she lived at 22650 Lenox Drive in Fairview Park, Ohio. Ms. Landrau further averred that in mid-April 2011, pursuant to the terms of Mother's divorce decree, Mother, Mother's son from her previous marriage, and M.A.H., vacated their home at 4805 Ardmore Avenue, Cleveland, Ohio and moved in with her. Ms. Landrau averred that they stayed with her through April 30, 2011.

**{¶10}** Also attached to Mother's motion was a copy of a notice of intent to relocate filed by Mother on April 29, 2011, in the Cuyahoga County Domestic Relations Court in Case No. DR-09324834. The notice advised the domestic relations court that Mother, who had been designated the residential parent and legal custodian of her son, would be relocating to 70 Briarwood Court, Howell, New Jersey.

**{¶11}** Also attached to Mother's motion was the sworn affidavit of Brian Cains. Mr. Cains averred that he lives at 70 Briarwood Court, Howell, New Jersey, and that Mother and her two children lived with him from May 1, 2011 through August 31, 2011.

He averred that Mother and her children moved out on September 1, 2011 after Mother leased a condominium in Freehold, New Jersey. A copy of Mother's lease agreement indicating that Mother had leased a condominum at 10 Twain Court, Freehold, New Jersey for the term September 1, 2011 through August 31, 2012 was attached to Mother's motion.

{¶12} Mother also filed on December 7, 2011, a motion to dismiss Father's application to determine custody. Mother argued that she was never personally served with the application and, therefore, the application should be dismissed pursuant to Civ.R. 4(E). Attached to the motion to dismiss was Mother's sworn affidavit in which she averred that pursuant to an agreement with her ex-husband, she lived at the marital home located at 4805 Ardmore Avenue, Cleveland, Ohio until April 2011. She further averred that after moving from the marital home, she lived with her mother until April 30, 2011, when she moved to Howell, New Jersey because of her job. She averred that she lived with a friend of her mother's in Howell until August 31, 2011, when she moved into a condomimium located at 10 Twain Court, Freehold, New Jersey. Mother also averred that she had never been served with a copy of Father's application to determine custody.

{¶13} Father did not oppose Mother's motion for relief from judgment, motion for emergency hearing, or motion to dismiss. Nevertheless, on December 12, 2011, the magistrate denied the motion for relief from judgment without a hearing, finding that after "review[ing] the pleadings and the court file, good cause is not shown for the

motion." Mother filed objections to the magistrate's decision, which the trial court subsequently overruled. The docket does not reflect that the court ever ruled on Mother's motion to dismiss; thus, we presume that it was denied. *Rhoades v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. No. 84439, 2005-Ohio-505, ¶ 5.

{¶14} Mother now appeals from the trial court's judgment overruling her objections and affirming the magistrate's decision denying her motion for relief from judgment.

## II. Analysis

{¶15} It is axiomatic that a court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. *In re McAllister*, 10th Dist. No. 94APF07-1100, 1996 WL 361387 (Feb. 16, 1995). If service of process has not been accomplished, or otherwise waived, any judgment rendered is void. *Westmoreland v. Valley Homes Mut. Hous. Corp.*, 42 Ohio St.2d 291, 293, 328 N.E.2d 406 (1975).

{¶16} In her first assignment of error, Mother contends that the trial court erred in denying her motion for relief from judgment. Specifically, she argues that the court should have vacated its judgment granting legal custody of M.A.H. to Father because service of process was never perfected and, therefore, the trial court was without jurisdiction to enter judgment upon Father's application to determine custody.

{¶17} We review a trial court's adoption of a magistrate's decision for an abuse of discretion. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996). An abuse of discretion exists when a decision is not merely wrong, but arbitrary, unreasonable, or unconscionable. *Covington v. Saffold*, 150 Ohio App.3d 126, 2002-Ohio-6280, 779 N.E.2d 838, ¶ 27, citing *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992).

{¶18} Although Mother asserted that she brought her motion pursuant to Civ.R. 60(B), her motion challenged the trial court's jurisdiction on the basis that she was never served with the application for determination of custody. A motion to vacate judgment pursuant to Civ.R. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). Accordingly, the requirements of Civ.R. 60(B) do not apply where a party attacks a judgment for want of personal jurisdiction, and Mother need not satisfy the rule's requirements in order to prevail. *Carter v. Miles*, 8th Dist. No. 76590, 2000 WL 126756 (Feb. 3, 2000), citing *Dairyland Ins. Co. v. Forgus*, 58 Ohio App.3d 78, 79, 568 N.E.2d 1232 (1989); *Rite Rug Co. v. Wilson*, 106 Ohio App.3d 59, 665 N.E.2d 260 (10th Dist.1995).

{¶19} Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. *State ex rel. Strothers v. Madden*, 8th Dist. No. 74547, 1998 WL 741909 (Oct. 22, 1998), citing *Holm v. Smilowitz*, 83 Ohio App.3d 757, 615

N.E.2d 1047 (4th Dist.1992). There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. *Strothers*, citing *In re Estate of Popp*, 94 Ohio App.3d 640, 641 N.E.2d 739 (8th Dist.1994). *See also Nowak v. Nowak*, 8th Dist. No. 80724, 2003-Ohio-1824, ¶ 7.

{¶20} A party's affidavit, if unchallenged, is sufficient to overcome the presumption of proper service. *Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984); *Clark v. Glassman*, 8th Dist. No. 82578, 2003-Ohio-466, ¶ 30; *Carter*, supra. Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. *Rafalski* at 67. Furthermore, "it is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." *Id.*

{¶21} Here, Mother's sworn affidavit averred that she never received Father's application for custody. Father produced no evidence in response to demonstrate that Mother actually was served. Because there was no evidence to refute Mother's claim that she never received the application to determine custody, the presumption of service is rebutted.

**{¶22}** Moreover, comparing the docket and Mother's affidavit, as well as the affidavits of Ms. Landrau and Mr. Cains, it is apparent that service was in fact never completed. A summons was sent certified mail to the Ardmore address on April 22, 2011, after Mother had vacated that residence. It was sent by ordinary mail to the same address the next day. Various court notices were also sent to the Ardmore address in May, June, and July 2011, even though Mother had moved out of Ohio on April 30, 2011. Service was attempted at the Briarwood Court address on September 20, 2011, but Mother's unrebutted affidavits demonstrates that she and her children had moved from that address on August 31, 2011 and were already living at the Twain Court address. No service was ever mailed to the Twain Court address. Accordingly, service was never perfected.

**{¶23}** Without proper service, the court never obtained jurisdiction over Mother. Accordingly, its judgment designating Father legal custodian of M.A.H. is void and the trial court abused its discretion in denying Mother's motion to vacate its judgment.

**{¶24}** Finally, we note that as of December 3, 2011, when Father took possession of M.A.H., the trial court had not yet adopted the magistrate's decision awarding legal custody of M.A.H. to Father. Magistrates' decisions are not final judgments until adopted by the trial court. Juv.R. 40(D)(4)(a); *Bailey v. Marrero-Bailey*, 7th Dist. No. 10 BE 16, 2012-Ohio-894, ¶ 41; *In re K.P.R.*, 12th Dist. No. CA2011-03-023, 2011-Ohio-6114, ¶ 7. Thus, Father enlisted the aid of the Cleveland police to take

possession of M.A.H. without a final judgment, an obvious violation of Mother's due process rights.

**{¶25}** Appellant's first assignment of error is sustained. The judgment granting custody of M.A.H. to Father and designating him the residential parent and legal custodian is hereby vacated.

**{¶26}** In her second assignment of error, Mother argues that the trial court erred in denying the motion to dismiss under Civ.R. 4(E) because Father failed to obtain service within six months of filing. Civ.R. 4(E) states:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5.

**{¶27}** Father did not complete service within six months of filing the application to determine custody. He also failed to respond to Mother's motion to dismiss and thereby failed to demonstrate good cause as to why service was not completed within six months. Nevertheless, Mother's argument that the application should have been dismissed under Civ.R. 4(E) is without merit as the rule specifically provides that it does not apply to out-of-state service. *See also In re E.R., II*, 8th Dist. No. 94363, 2010-Ohio-2361, ¶ 19 ("Civ.R. 4(E) does not apply in this case, which involves out-of-state service."); *Ambrose v. Advanced Wireless Cellular Comm., Inc.*, 8th Dist. No. 88110,

2007-Ohio-988, ¶ 9 ("[Civ.R. 4(E)] does not apply to the more time-consuming procedures involved in out-of-state or foreign service of process.")

**{¶28}** The second assignment of error is therefore overruled.

**{¶29}** Reversed and remanded with instructions to the trial court to vacate its judgment granting legal custody of M.A.H. to Father and return M.A.H. to Mother without delay.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, SR., J., CONCUR