[Cite as *State ex rel. M.L. v. O'Malley*, 2014-Ohio-3927.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101191

---

# STATE OF OHIO, EX REL., M.L.

### RELATOR

### vs.

# JUDGE THOMAS F. O'MALLEY, ET AL.

### RESPONDENTS

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Prohibition
Motion Nos. 474719 and 476078
Order No. 477854

**RELEASE DATE:** September 10, 2014

**ATTORNEYS FOR RELATOR**

John J. Schneider
Gerald R. Walton
Gerald R. Walton & Associates
2800 Euclid Avenue
Suite 320
Cleveland, Ohio 44115

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
Charles E. Hannan
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Relator, M.L., filed this writ of prohibition seeking to prevent respondents, Judge Thomas F. O'Malley, Magistrate Eleanore E. Hilow, and the Cuyahoga County Juvenile Court from exercising jurisdiction with respect to the custody of her minor child, M.A.H.

{¶2} Relator was granted leave to file a second amended complaint and respondents then moved for summary judgment, which relator opposed. For the reasons that follow, we grant respondents' motion for summary judgment and deny the writ.

{¶3} M.A.H. was born in Ohio on February 22, 2010. Relator is M.A.H.'s mother. Relator admits J.H. is M.A.H.'s father. Relator never married J.H., however, relator signed a voluntary acknowledgment of paternity affidavit that was filed in juvenile court that established J.H. is M.A.H.'s legal father. *In re: M.A.H.*, 8th Dist. Cuyahoga No. 97963, 2012-Ohio-2318, ¶ 2. Relator maintains that she moved to New Jersey in April 2011. Father testified that relator relocated to New Jersey at the end of August 2011. *Id.* at ¶ 5. It is undisputed that relator and M.A.H. lived in Ohio until at least April 30, 2011. *Id.* at ¶ 9, 12.

{¶4} On April 21, 2011, Father filed an application to determine custody of M.A.H. in Cuyahoga County Court of Common Pleas, Juvenile Division, Case No. CU 11107326.

{¶5} There is no dispute that the Cuyahoga County Juvenile Court had jurisdiction over father's application to determine custody pursuant to the Uniform Child

Custody Jurisdiction and Enforcement Act ("UCCJEA"). However, relator contended that the juvenile court lacked jurisdiction to issue a custody order because Father did not properly serve her.

{¶6} The respondent magistrate rendered a decision that designated Father as the residential parent and legal custodian of M.A.H. The respondent judge adopted the magistrate's decision on December 5, 2011. The respondent judge denied relator's Civ.R. 60(B) motion, and relator pursued an appeal of that decision.

{¶7} This court found that Father never perfected service on relator and ordered the juvenile court to vacate the custody order and return M.A.H. to relator. *In re: M.A.H.*, 8th Dist. Cuyahoga No. 97963, 2012-Ohio-2318, ¶ 23, 25. Although relator also alleged on appeal that the trial court should have dismissed the matter for failure of service pursuant to Civ.R. 4(E), this court found that the motion to dismiss was properly denied. *Id.* at ¶ 26-28. The matter was remanded to the juvenile court with instructions. M.A.H. was returned to relator's custody sometime after this court's decision was released on May 24, 2012.

{¶8} Father filed a subsequent application to determine custody in the Cuyahoga County Juvenile Court on July 6, 2012. Relator moved to dismiss that matter, which respondents denied and relator attempted to appeal. This court dismissed that appeal on April 11, 2013, for lack of a final, appealable order. *In re: M.A.H.*, 8th Dist. Cuyahoga No. 99353, entry no. 463942.

{¶9} Relator indicates that she initiated custody proceedings in New Jersey. On

April 1, 2014, the New Jersey family court found that Ohio is the child's home state and denied relator's motion to transfer jurisdiction to New Jersey. There is evidence that the Ohio court communicated with the New Jersey court concerning this matter.

{¶10} Relator filed her initial complaint for a writ of prohibition with this court on March 31, 2014. Respondents moved for summary judgment on various grounds including that relator had failed to comply with Loc.App.R. 45(B)(1)(a). Relator moved for leave to amend her complaint seeking an opportunity to comply with the rule. Relator was granted leave and filed her second amended complaint on June 2, 2014. Respondents moved for summary judgment on the second amended complaint and relator has opposed the motion. Relator has not satisfied the requirements for issuance of a writ in this case, which is denied for the reasons that follow.

{¶11} In order for this court to issue a writ of prohibition, relator is required to demonstrate each prong of the following three-part test: (1) respondent is about to exercise judicial power; (2) the exercise of judicial power by respondent is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 14. In addition, prohibition does not lie if relator has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

{¶12} Prohibition does not lie unless it clearly appears that the court possesses no

jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶13} However, when a court is patently and unambiguously without jurisdiction to act, the existence of an adequate remedy at law will not prevent the issuance of a writ of prohibition. *Zitter* at ¶ 16. Nevertheless, absent a patent and unambiguous lack of jurisdiction a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. *Id.* at ¶ 15. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶14} Relator contends that respondents patently and unambiguously lack jurisdiction. Having thoroughly reviewed the evidence presented, the facts, and the law,

relator has not established that jurisdiction is patently and unambiguously lacking.

{¶15} Respondents have statutory jurisdiction to determine the custody of children in this state. R.C. 2151.23. The dispute focuses on whether Ohio or New Jersey has jurisdiction over the custody determination for M.A.H. pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). The purpose of the UCCJEA is to avoid jurisdictional conflicts between the states in custody matters. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 21 (the UCCJEA gives "jurisdictional priority and exclusive continuing jurisdiction to the home state. * * * [and] eliminates a determination of 'best interests' of a child from the original jurisdictional inquiry.")

{¶16} R.C. 3127.15 governs the jurisdiction of the Ohio court to make an initial custody determination as follows:

> (A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
>
> (2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:
>
> (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.

(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

(B) Division (A) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

(C) Physical presence of, or personal jurisdiction over, a party or a child is

not necessary or sufficient to make a child custody determination.

{¶17} "Home state" is defined as

the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them. A period of temporary absence of any of them is counted as part of the six-month or other period.

R.C. 3127.01(B)(7).

{¶18} The juvenile court is mandated by R.C. 2151.23(F)(1) to "exercise its jurisdiction in child custody matters in accordance with sections 3109.04 and 3127.01 to 3127.53 of the Revised Code and, as applicable, sections 5103.20 to 5103.22 or 5103.23 to 5103.237 of the Revised Code."

{¶19} Pursuant to R.C. 3127.01(B)(5), a child custody action is commenced by the filing of the first pleading in a proceeding. Further, R.C. 3127.15 explicitly permits the

court to make a child custody determination without personal jurisdiction over a party or a child. Accordingly, the commencement provisions Civ.R. 3(A) do not apply for determining the juvenile court's jurisdiction pursuant to R.C. 3127.15.

{¶20} M.A.H. lived in Ohio from birth until at least April 30, 2011, and then, pursuant to respondents' initial custody determination, from December 3, 2011 until sometime after May 24, 2012. Based on the child's periods of residence in Ohio, Ohio was the home state when father filed his first application to determine custody. Relator, however, maintains that M.A.H.'s residence in Ohio with her Father under the prior order (between 12/3/11 and 5/24/12) should be disregarded because the order was subsequently vacated, and it should be presumed that M.A.H. would have instead resided in New Jersey during that time period. Relator argues that a void judgment operates to return the parties to the status that existed prior to the judgment. However, that would mean Ohio is the home state because this was the status prior to the initial determination. Instead, relator is advocating that we find New Jersey to be the home state, which was not the status prior to the initial determination.

{¶21} Relator's argument that New Jersey is the home state depends on the following being true: (1) that it would be appropriate to disregard M.A.H.'s residency in Ohio with her father pursuant to the initial determination; (2) it is appropriate to assume M.A.H. would have resided in New Jersey but for the initial determination; and (3) the fact that the respondent court assigned father's second application a new case number negates the commencement of the initial custody proceedings in Ohio. Relator has not presented

any analogous case that has applied this line of reasoning. Employing this convoluted application of the law would appear to subvert the purpose of the UCCJEA, which is to avoid interstate jurisdictional custody conflicts.

**{¶22}** Relator places great significance on the juvenile court's ministerial act of giving father's second application for custody a new case number. However, relator does not question, and admits, that respondents would have jurisdiction to proceed if the second application was pending under the previous case number.

**{¶23}** Under these circumstances, respondents have determined that Ohio has jurisdiction to proceed on the custody determination for M.A.H. under the UCCJEA. Furthermore, the respondent magistrate did communicate with the New Jersey family court, and the New Jersey court also determined that Ohio is the home state for purposes of UCCJEA.[1] Therefore, relator has not established a patent and unambiguous lack of jurisdiction, and any error by the court in determining its own jurisdiction can be adequately addressed by appealing the final order. *France v. Celebrezze*, 8th Dist. Cuyahoga No. 98147, 2012-Ohio-2072, ¶ 7, citing *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*,

---

[1] Relator's second amended complaint at paragraph 40 averred that a certified copy of the New Jersey court's order is part of the record before this court as an attachment to respondents' initial motion for summary judgment. Accordingly, relator's argument that this court should strike another copy of the same document that was attached as an exhibit to respondents' subsequent motion for summary judgment is moot because it was already in the record without objection. Further, even if the court record was not made part of the record, we can take judicial notice of it. *France* at ¶ 6. There is an obvious clerical error on the document because the file date stamp should be April 1, 2014, rather than April 1, 2013. The order was

105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107 ("any decision rendered by [the respondent judge] with regard to jurisdiction under the UCCJEA is subject to an appeal, which also provides [relator] with an adequate remedy at law.")

{¶24} This case is unlike *In re: V.K.B. v. Smith,* 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.2d 1184, where the Ohio Supreme Court found that an appeal would not be an adequate remedy under the following circumstances:

> (1) custody has been removed from a parent who previously had been awarded permanent custody, (2) custody is awarded to a nonparent in an ex parte proceeding, (3) the juvenile court is not complying with the requirements of the Uniform Act or other applicable law, and (4) the juvenile court has issued a "temporary" order with no indication of when a hearing or other action might be taken to resolve the case.

*Id.* at ¶ 27.   None of those circumstances are present in this case.

{¶25} *In re: V.K.B.* did not involve a question of whether the juvenile court was deprived of jurisdiction because of  assigning a second application for custody determination a separate case number rather than proceeding with the custody determination in the initially filed matter.   In that case, V.K.B. was named the custodial parent by an Ohio court in 2009.   V.K.B. relocated to Arizona in 2010 and notified the Ohio court.   In 2012, V.K.B. and her child temporarily returned to Ohio.   V.K.B. went to Arizona for a job interview and left her child in the care of V.K.B.'s mother.   During this time, the child's grandfather filed an ex parte motion with an Ohio court and was granted emergency custody pursuant to R.C. 3127.18.   R.C. 3127.18 pertains to temporary

entered on April 1, 2014, and therefore, could not have been filed in 2013.

emergency jurisdiction and does not depend on a home state analysis for purposes of triggering jurisdiction. This matter does not involve a court order based on temporary emergency custody.

{¶26} There was no question in *In re: V.K.B.* that the child had resided in Arizona for two years prior to the Ohio court's 2012 order, and that Arizona was the child's home state. V.K.B. commenced a child-custody enforcement action in Arizona based on the 2009 order that had awarded her custody. The Ohio court had exercised emergency jurisdiction without communicating with the Arizona court as required by statute and failed to establish a period for the duration of its order as required by R.C. 3127.18(C). Finally, the Ohio Supreme Court noted that the order granted custody to a grandparent

> who, unlike a parent does not have fundamental rights in the care and custody of a child. "Within the framework of the statutes, the overriding principle in custody cases between a parent and nonparent is that natural parents have a fundamental liberty interest in the care, custody, and management of their children."

(Citations omitted.) *Id.* at ¶ 16, quoting *In re Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 16

{¶27} In recognizing that "Ohio law has consistently applied the principle that appeal is an adequate remedy in cases involving child custody" the Ohio Supreme Court cited *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305. The court specifically found *Mosier* distinguishable from *V.K.B.*, on the grounds that *Mosier* involved a "dispute * * * between parents, both of whom have a fundamental constitutional interest in the care, custody, and management of their children." *In re:*

*V.K.B.*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.2d 1184 at ¶ 89. Therefore, adhering to the reasoning contained in *V.K.B.*, we find an appeal would be an adequate remedy to challenge the court's authority to issue a custody determination in this case because it involves a dispute between parents.

{¶28} Further, this matter does not involve the exercise of temporary emergency jurisdiction, but rather involves respondents exercising jurisdiction with the belief that Ohio is the home state as a matter of law.

{¶29} For all of the reasons set forth above, relator has not established the requisites for a writ of prohibition. Respondents do not patently and unambiguously lack jurisdiction to proceed, and an appeal provides an adequate remedy at law. *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202. Respondents motion for summary judgment is granted. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶30} Writ denied.

---

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
LARRY A. JONES, SR., J., CONCUR