[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. M.L. v. O'Malley,* Slip Opinion No. 2015-Ohio-4855.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

Slip Opinion No. 2015-Ohio-4855

THE STATE EX REL. M.L., APPELLANT, *v.* O'MALLEY, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. M.L. v. O'Malley,* Slip Opinion No. 2015-Ohio-4855.]

*Prohibition—Juvenile court, judge, and magistrate do not patently and unambiguously lack jurisdiction—Relator has adequate remedy in ordinary course of law—Court of appeals' denial of writ affirmed.*

(No. 2014-1659—Submitted July 7, 2015—Decided November 25, 2015.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 101191, 2014-Ohio-3927.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, M.L., instituted this action seeking a writ of prohibition in the court of appeals to prohibit the Cuyahoga County Juvenile Court from continuing to exercise jurisdiction over her minor child.  M.L. asserts that

New Jersey is the child's home state for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Ohio at R.C. Chapter 3127, and argues that jurisdiction therefore lies in the New Jersey family court in which an action over custody of the child was pending. However, M.L. is ineligible for a writ of prohibition because the jurisdiction issue has been litigated both in New Jersey and in Ohio, and the conclusion of both courts is that Ohio is the child's home state for purposes of the UCCJEA. Moreover, M.L. has an adequate remedy at law by way of appeal of both the Ohio and New Jersey decisions regarding jurisdiction as well as the juvenile court's custody decision. We therefore affirm the decision of the Eighth District Court of Appeals denying a writ of prohibition.

*Facts and Procedural History*

{¶ 2} M.L. is the natural mother of M.A.H., a daughter born on February 22, 2010. M.L. and the child's father, J.H., never married. J.H. filed an application to determine custody of M.A.H. on April 21, 2011, in the Cuyahoga County Juvenile Court. Service on M.L. was never made, but Magistrate Eleanore E. Hilow nevertheless entered an order granting custody to J.H. Meanwhile, M.L. moved with M.A.H. to New Jersey on May 1, 2011.

{¶ 3} Under the authority of Magistrate Hilow's order, M.A.H. was removed from M.L.'s custody and placed in J.H.'s custody on December 3, 2011. M.L. appealed Juvenile Division Judge Thomas F. O'Malley's order adopting Hilow's ruling. The court of appeals reversed the juvenile court's order granting J.H. custody, concluding that the judgment was void for lack of service on M.L. *In re M.A.H.*, 8th Dist. Cuyahoga No. 97963, 2012-Ohio-2318, ¶ 15-25.

{¶ 4} On July 6, 2012, J.H. filed a second application to determine custody under a new case number. In November 2012, the trial court denied M.L.'s motion to dismiss. In April 2013, the court of appeals dismissed an appeal of that ruling for lack of a final, appealable order.

**{¶ 5}** In the custody action, M.L. asserted that she had a pending custody action in New Jersey. However, the family court in New Jersey issued an "order for jurisdiction," finding that Ohio had home-state jurisdiction under the UCCJEA. The New Jersey court denied M.L.'s application to transfer jurisdiction to New Jersey, ordering that Ohio retain jurisdiction.

**{¶ 6}** On the day before the New Jersey decision was issued, M.L. instituted this action in the court of appeals seeking a writ of prohibition against respondents-appellees, Judge O'Malley, Magistrate Hilow, and the Cuyahoga County Juvenile Court. After respondents' motion for summary judgment attached the New Jersey entry, M.L. amended her complaint, continuing to assert that the case should proceed in New Jersey because New Jersey had become the child's home state by the time J.H. filed his application in Cuyahoga County.

**{¶ 7}** The court of appeals denied the writ, holding that respondents did not patently and unambiguously lack jurisdiction to conduct the child-custody proceedings, because Ohio had home-state jurisdiction under the UCCJEA when the initial child-custody determination was made. The court of appeals further held that appeal provides an adequate remedy at law to address any error by the Cuyahoga County Juvenile Court in determining its own jurisdiction.

*Analysis*

**{¶ 8}** To be entitled to the requested writ of prohibition, M.L. must establish that (1) the Cuyahoga County Juvenile Court is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18 and 23; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Alternatively, M.L. is entitled to the writ if she can show a lack of jurisdiction in

Cuyahoga County that is patent and unambiguous. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 9} In this case, other adequate remedies exist in the ordinary course of law—namely, M.L. can appeal the Cuyahoga County Juvenile Court's custody decision, including the court's determination that it had jurisdiction over M.A.H.'s custody. *See State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 15, quoting *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8 (" 'in the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal' "). *See also State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 19, citing *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126 (appeal is an adequate remedy in cases involving child custody). In addition, M.L. presumably can appeal the New Jersey court's determination that Ohio is the appropriate forum for determining custody.

{¶ 10} M.L. likens this case to *State ex rel. V.K.B. v. Smith*, in which we determined that an appeal would not be an adequate remedy. As the court of appeals in this case noted, however, that case is distinguishable because there the child was removed from a parent who had been awarded custody, custody was awarded to a nonparent, the juvenile court did not comply with the UCCJEA and other applicable law, and the juvenile court had issued a temporary order with no indication as to when a hearing or other action might be taken to resolve the case. 2014-Ohio-3927, ¶ 24. Nothing like these *V.K.B.* factors is present here, and M.L. has an adequate remedy by way of appeal.

{¶ 11} The remaining question is whether the asserted lack of jurisdiction in Ohio, as opposed to New Jersey, is patent and unambiguous. Respondents undoubtedly have statutory jurisdiction to determine the custody of children in Ohio

under R.C. 2151.23(A)(2). The dispute here is whether Ohio or New Jersey has jurisdiction to determine M.A.H.'s custody under the UCCJEA.

{¶ 12} The UCCJEA, unlike its predecessor statute, gives jurisdictional priority and exclusive continuing jurisdiction to the courts of the child's "home state." *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 21. "Home state" in Ohio's version of the UCCJEA is defined as

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them. A period of temporary absence of any of them is counted as part of the six-month or other period.

R.C. 3127.01(B)(7). Under R.C. 3127.01(B)(5), a child-custody action is "commenced" by the filing of the first pleading in a proceeding.

{¶ 13} According to the record here, M.A.H. lived in Ohio from birth until at least April 30, 2011. Ohio was therefore M.A.H.'s home state when J.H. filed his first application to determine custody on April 21, 2011. M.L. argues that M.A.H.'s home state is now New Jersey, because the original custody order was vacated, and M.A.H. has now lived with M.L. in New Jersey since 2011. M.L. points out that the Cuyahoga County Juvenile Court gave the father's second application for custody a new case number.

{¶ 14} However, the original action for custody was vacated on the failure-of-service issue, and the court of appeals explicitly declined to order the trial court to dismiss it. *In re M.A.H.*, 2012-Ohio-2318, ¶ 27-28. M.L. argues that vacating the first order returned M.A.H. to her status before the "illegal" order. However, as the court of appeals noted in this case, M.A.H.'s home state at the time the

original order was issued was Ohio. 2014-Ohio-3927, ¶ 20. Moreover, a new case number alone does not negate the fact that J.H.'s original custody action was filed when M.A.H.'s home state was undoubtedly Ohio.

**{¶ 15}** Therefore, the Cuyahoga County Juvenile Court arguably has jurisdiction over this custody matter under at least two provisions of the UCCJEA. Because Ohio appears to have been the home state of the child on the date of the commencement of the proceeding, respondents have jurisdiction under R.C. 3127.15(A)(1) to determine custody.

**{¶ 16}** Even if there is a dispute in Ohio about the commencement of the proceeding, New Jersey, after communicating with Magistrate Hilow, has declined jurisdiction of the case and determined that Ohio is the more appropriate forum to determine the custody of the child. Thus, "[a]ll courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child * * *." R.C. 3127.15(A)(3).

**{¶ 17}** An Ohio court therefore has jurisdiction to make an initial determination regarding custody. R.C. 3127.15(A). Any lack of jurisdiction is not patent and unambiguous.

*Conclusion*

**{¶ 18}** M.L. fails to meet the requirements for a writ of prohibition. Respondents do not patently and unambiguously lack jurisdiction to proceed, and appeal provides an adequate remedy in the ordinary course of law.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Gerald R. Walton & Associates, Gerald R. Walton, and John J. Schneider, for appellant.

6

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellees.

_____