[Cite as *Bridges v. Foley*, 2021-Ohio-468.]

STATE OF OHIO      )              IN THE COURT OF APPEALS
                     )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN   )

ANDRE L. BRIDGES

    Petitioner

    v.

KEITH FOLEY, WARDEN

    Respondent

C.A. No.    20CA011688

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: February 22, 2021

PER CURIAM.

{¶1} Petitioner, Andre Bridges, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Foley, to release him from custody. Warden Foley has moved to dismiss and Mr. Bridges has responded. For the following reasons, this Court grants the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d

389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3} According to Mr. Bridges' petition, he was tried on two counts of rape, one count of gross sexual imposition, and one count of kidnapping. The jury found him not guilty of one count of rape and guilty on the remaining counts. Mr. Bridges appealed and the Eighth District Court of Appeals held that the rape and kidnapping counts were allied offenses.

{¶4} The attachments to Mr. Bridges' petition demonstrate that the Eight District Court of Appeals remanded to the trial court for resentencing. At the resentencing hearing, the state elected to proceed to sentencing on the rape count and the trial court entered sentence accordingly.

{¶5} Mr. Bridges' petition, however, contends that the appellate court's decision required a different outcome. The petition alleges that the two rape counts "alleged the same victim, same set of facts, and information." It concludes that after the appellate court's decision, he was not reindicted or released, which he should have been because the two rape counts were identical. In other words, he argues that because all of the offenses were allied offenses, the two rape counts were the same count, and the jury's acquittal on one count required dismissal of all of the other counts after the court of appeals held the offenses were allied offenses of similar import.

{¶6} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If

this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. On the other hand, if the petition fails to state a claim, this Court should dismiss the petition. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. Bridges must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Mr. Bridges has alleged only that there is an unlawful restraint on his liberty.

{¶7} As noted above, to dismiss a petition under Civ.R. 12(B)(6), it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of Mr. Bridges, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996). In the absence of a patent and unambiguous lack of jurisdiction, a trial court with general subject matter jurisdiction can determine its jurisdiction and an adequate remedy at law can be obtained through an appeal of that decision. *State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855, ¶ 9.

{¶8} Mr. Bridges has alleged that because the appellate court held that the rape and kidnapping convictions were allied offenses of similar import, and the two rape counts were the same, that "made all the other counts dismissed along with both rape

charges." Mr. Bridges did not refer to any authority in his petition to support this conclusion. And he could not. Mr. Bridges' argument is not supported by any statutory or case law.

{¶9} The rule of merger of allied offenses of similar import does not preclude the state from charging a defendant with multiple counts or from seeking and obtaining a finding of guilty for all such offenses. *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, ¶ 47, citing R.C. 2941.25 and *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17. Mr. Bridges focused on the two rape counts that he alleged were identical. He applied the appellate court's conclusion that the rape and kidnapping counts for which he was convicted were allied offenses to mean that because another rape count was dismissed, all of his offenses must be dismissed. This is a clear misunderstanding of the law of allied offenses.

{¶10} Taking Mr. Bridges' allegations as true, they are insufficient to warrant habeas corpus relief. He has not alleged that the judgment of conviction and sentence is void due to lack of jurisdiction. Although has he alleged that the warden has unlawfully restrained him, there is no support for his claim that a finding that his rape and kidnapping convictions were allied offenses resulted in the dismissal of all charges.

{¶11} R.C. Chapter 2725 authorizes a court to grant habeas corpus relief if the petitioner shows that his confinement is the result of an unlawful restraint of his liberty. *Pegan*, 76 Ohio St.3d at 99-100. Mr. Bridges has failed to present allegations in his complaint that would warrant habeas corpus relief.

**{¶12}** The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Bridges. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ANDRE L. BRIDGES, Pro Se, Petitioner.

DAVE YOST, Attorney General, and STEPHANIE L. WATSON, Principal Assistant Attorney General, for Respondent.